**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Juan Jose ROBLES–RODRIGUEZ,**
**Defendant–Appellant.**

**No. 05–41063**
**Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

Feb. 14, 2007.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Margaret Christina Ling, Assistant Federal Public Defender, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

---

Before BARKSDALE, GARZA, and CLEMENT, Circuit Judges.

PER CURIAM: *

Juan Jose Robles–Rodriguez (Robles) appeals his guilty-plea conviction and sentence for being an alien found unlawfully in the United States after deportation. Robles argues that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (2) are unconstitutional.

Robles's constitutional challenge is foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Robles contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez*, 410 F.3d 268, 276 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Robles properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.

Marjorie A. Meyers, Federal Public Defender, Molly E. Odom, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before BARKSDALE, GARZA, and CLEMENT, Circuit Judges.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

